**PROSKAUER ROSE LLP**
Joseph Baumgarten, Esq.
Steven Yarusinsky, Esq.
1585 Broadway
New York, New York 10036-8299
(212) 969-3000
Attorneys for Defendant

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
VICTOR MAKAROV,                                :
                                               :    Docket No: 08-civ-4469 (TPG)
          Plaintiff,                           :
                                               :    Civil Action
     against                                   :
                                               :    ECF CASE
COOPERATIEVE CENTRALE RAIFFEISEN-              :
BOERENLEENBANK B.A., "RABOBANK                 :
NEDERLAND",                                    :    **ANSWER**
                                               :
          Defendant.                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant Cooperatieve Centrale Raiffeisen-Boerenleenbank B.A., "Rabobank Nederland" (hereinafter "Defendant") by and through its attorneys, Proskauer Rose LLP, states in answer to the Complaint ("Complaint") of Plaintiff Victor Makarov ("Plaintiff") as follows:

## IDENTITY OF PARTIES

1.      Defendant denies the allegations contained in paragraph 1 of the Complaint except avers that Plaintiff was employed by Defendant as Regional Market Risk Manager from on or about July 7, 1997 until on or about November 2, 2007.  Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint, except denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

**BACKGROUND RELEVANT TO ALL CAUSES OF ACTION**

3.     Defendant denies the allegations contained in paragraph 3 of the Complaint except avers that Plaintiff was employed by Defendant in New York, New York as Regional Market Risk Manager from on or about July 7, 1997 until on or about November 2, 2007. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

4.     Defendant denies the allegations contained in paragraph 4 of the Complaint except avers that Plaintiff commenced employment with Defendant as Regional Market Risk Manager in or about July 1997 and purportedly held a Ph.D. in Mathematics and Theoretical Physics.

5.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.     Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff's responsibilities included work associated with compliance with Federal Reserve requirements.

10.    Defendant denies the allegations contained in paragraph 10 of the Complaint, except admits that Plaintiff participated in upgrading Defendant's risk management processes and that Defendant received a positive audit evaluation.

11.    Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint, except admits that Plaintiff was the Chair of the New Business Committee.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, except admits that Plaintiff was terminated on or about November 2, 2007 and that various individuals occupied the positions of Regional Risk Manager and Global Market Risk Manager. Defendants further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the date on which Sussman was promoted.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff was the Chair of the New Business Committee.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff. To the extent that the allegations contained in paragraph 25 of the Complaint state a legal conclusion, no response is required.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.  Defendant admits the allegations contained in paragraph 31 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the stated basis for the promotion.

32.  Defendant admits the allegations contained in paragraph 32 of the Complaint.

33.  Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint. Defendant further denies that it engaged in any unlawful or wrongful conduct towards Plaintiff.

35.  Defendant admits the allegations contained in paragraph 35 of the Complaint.

36.  Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.  Defendant denies the allegations contained in paragraph 37 of the Complaint, except admits that Blom acknowledged Plaintiff's abilities and sought his assistance consistent with Plaintiff's duties and responsibilities.

38.  Defendant denies the allegations contained in paragraph 38 of the Complaint, except admits that Blom was involved in the credit side of Rabobank operations and had no formal training in Market Risk Management.

39.  Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.  Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.  Defendant denies the allegations contained in paragraph 41 of the Complaint except admits that Blom was aware of Plaintiff's academic and business experience.

42.  Defendant denies the allegations contained in paragraph 42 of the Complaint except admits that Blom treated Plaintiff with respect.

43.  Defendant admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, except admits that Rabobank did experience losses in connection with investments related to sub-prime mortgages.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant neither admits or denies the allegations contained in paragraph 48 of the Complaint and refers to the memos for the contents thereof.

49. Defendant admits the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant neither admits or denies the allegations contained in paragraph 52 of the Complaint and refers to the report for the contents thereof and denies knowledge or information sufficient to form a belief as to what Plaintiff "believes."

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant admits the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant admits that Plaintiff was terminated on or about November 2, 2007 and upon information and belief that Plaintiff was sixty years of age.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint,

except admits that Plaintiff was provided with a letter on or about November 2, 2007, the contents of which speak for itself.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint. To the extent that the allegations contained in paragraph 61 of the Complaint state a legal conclusion, no response is required.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint and denies knowledge or information sufficient to form a belief as to what Plaintiff "believed."

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint. To the extent that the allegations contained in paragraph 69 of the Complaint state a legal conclusion, no response is required.

70. Defendant admits the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint, except admits that one of the reasons given was Plaintiff's inability to raise his level of involvement during the time that the United States markets were in distress. To the extent that the allegations contained in paragraph 71 of the Complaint state a legal conclusion, no response is required.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint. To

the extent that the allegations contained in paragraph 72 of the Complaint state a legal conclusion, no response is required.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint. To the extent that the allegations contained in paragraph 73 of the Complaint state a legal conclusion, no response is required.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint. To the extent that the allegations contained in paragraph 74 of the Complaint state a legal conclusion, no response is required.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint. To the extent that the allegations contained in paragraph 76 of the Complaint state a legal conclusion, no response is required.

**AS AND FOR THE CAUSE OF ACTION ON BEHALF OF MAKAROV AGAINST RABOBANK FOR AGE DISCRIMINATION IN VIOLATION OF CHAPTER 1, TITLE 8, §8-107(1)(a) OF THE <u>ADMINISTRATIVE CODE OF THE CITY OF NEW YORK</u>**

77. Defendant repeats each of its answers to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint. To the extent that the allegations contained in paragraph 79 of the Complaint state a legal conclusion, no response is required.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint. To the extent that the allegations contained in paragraph 80 of the Complaint state a legal conclusion, no response is required.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint. To the extent that the allegations contained in paragraph 81 of the Complaint state a legal conclusion, no response is required.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint. To the extent that the allegations contained in paragraph 82 of the Complaint state a legal conclusion, no response is required.

83. No response is required as the allegations contained in paragraph 83 state a legal conclusion.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint. To the extent that the allegations contained in paragraph 86 of the Complaint state a legal conclusion, no response is required.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint. To the extent that the allegations contained in paragraph 87 of the Complaint state a legal conclusion, no response is required.

88. Defendant denies the allegations contained in paragraph 88 of the Complaint. To the extent that the allegations contained in paragraph 88 of the Complaint state a legal conclusion, no response is required.

89. Defendant denies the allegations contained in paragraph 89 of the Complaint. To the extent that the allegations contained in paragraph 89 of the Complaint state a legal conclusion, no response is required.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

To the extent that the allegations contained in paragraph 90 of the Complaint state a legal conclusion, no response is required.

Defendant denies the relief sought in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1. Defendant's actions and decisions with respect to plaintiff were taken for legitimate, non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

2. To the extent that Defendant's actions were motivated, in part, by unlawful reasons, which Defendant expressly denies, Defendant would have taken the same actions with respect to plaintiff for legitimate, non-discriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint fails to state a claim upon which an award of punitive damages can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is not entitled to recover punitive damages because, at all relevant times, Defendant engaged in good faith efforts to comply with all laws prohibiting discrimination in employment.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities

provided by Defendant or to avoid harm otherwise.

## **SIXTH AFFIRMATIVE DEFENSE**

6.To the extent that plaintiff's claims are based upon alleged conduct that occurred more than three years before he first filed his lawsuit with the Court in this action, such claims are time-barred.

**WHEREFORE**, Defendant demands judgment against plaintiff dismissing the Complaint in its entirety, together with an award of reasonable attorneys' fees, the costs and disbursements of this action, and such other and further relief as this Court deems just, proper and equitable.

Dated:June 9, 2008

PROSKAUER ROSE LLP

By:s/ Steven Yarusinsky
Joseph Baumgarten, Esq.
Steven Yarusinsky, Esq.

1585 Broadway
New York, New York 10036-8299
(212) 969-3000
Attorneys for Defendant